Wash, J.,
delivered the opinion of the Court.
This was an action on the case for slander, commenced by Marlow v. Cooper in the Circuit Court, in which Marlow had verdict and judgment, to reverse which Cooper has come with his writ of error into this Court.
The declaration contains three counts.
The first charges the words as spoken to the plaintiff.
The second and third charges them as spoken of the plaintiff.
The words charged are in substance, “ that the plaintiff is guilty of forgery." " That the defendant Cooper knew that plaintiff Marlow had committed forgery." " That the plaintiff Marlow is guilty of forgeryand “ that he, Cooper, had a great mind to put the law in force against him for committing the crime of forgery.
The defendant pleaded,
First. Not guilty ; and
Second. Justification.
On the trial the plaintiff proved by one Frazier, "that in August about three years ago, between the Waeonda and Cooper’s house, the defendant told him, (the witness,) that ho was fearful his (the witness’) brother had entertained hard thoughts of him concerning a letter which Marlow (the plaintiff,) had written to him, and to which Marlow had attached his, Cooper’s, name, concerning some steers.
That Marlow by attaching his, said Cooper’s, name to said letter, had committed forgery, and " that he had a great mind to prosecute him for it.”
The verdict of the jury was, "that the defendant, of his own wrong and without any such cause as in pleading he hath alledged, did speak and publish the words in the declaration mentioned, as the plaintiff by replying hath alledged, &c.,” on which the Court gave judgment, that the plaintiff recover against the defendant his damages,” &c. The defendant then moved for a new trial.
First. Because the verdict was against law and evidence.
Second. Because there was no evidence that the charge of forgery had been made by the defendant against the plaintiff.
Third. Because there was no evidence under the plea of not guilty, to prove that the defendant made against the plaintiff the charge of forgery: and
Fourth. Because the damages are excessive, the motion was overruled and the refusal of the Court to grant a new trial is now assigned for error.
*135 Several questions have been raised on which the members of the Court differ in opinion, and which we will not now decide, inasmuch as this cause maybe settled without passing upon them. The questions to be decided are:
Eirst. Do the words proved vary from the words laid ? and
Second. Do the facts and circumstances attending the speaking of the words proved, forbid the idea of malice on the part ,of Cooper ?
On these questions, we think the law is clearly with the plaintiff in error. The cases of Flower v. Pedley, 2 Esp. c. 491; Harrison v. Stratton, 4 Esp. c. 218; Wetters v. Man, 2 B. and A., 756; Lady Ratcliffe v. Shubly cro. Eliz., 224, with some others that have been cited, have pushed the doctrine of variance to great lengths, and further in some instances perhaps, than this Court would be willing to go. They establish most satisfactorily the, variance insisted on in this case. It is sufficient to prove the substance of the words laid; but the sense as well as the manner of speaking them must be the same as averred, and when actionable words are laid and proved, it will be no variance to prove more words than laid, provided the whole context of the words proved, considered together, agrees in sense with the words alledged. 2 Starkie, 846. This is as far as the authorities have gone on this point; and in the case under consideration, looking to the context of the words spoken, and the sense and manner of speaking them as proved, the charge in the declaration is not supported. From the plaintiff’s own showing the words were spoken upon'an occasion and under circumstances which afford a strong prima facie justification, and repel the charge of malice, of which the record exhibits no extrinsic proof, Upon the whole, therefore, we think the verdict was against law and evidence, and that the Circuit Court ought to have granted a new trial. The judgment is therefore-reversed and the cause remanded.