HENRY J. WELTON *et al.*, Appellants, *v.* JACOB HULL, REPRESENTATIVE OF JESSE WELTON, DECEASED, LATE ADMINISTRATOR OF LEWIS WELTON, Respondent.

1. *Administration — Final settlement — Sale of land — Mortgage — Construction of statute — Subrogation.* — Where an administrator, under section 10, article II, of the administration act, sold the title of decedent as owner in fee simple of certain lands, and divided the proceeds in payment of the debts or his estate, the administrator cannot, in his final settlement, be compelled to

Welton et al. v. Hull et al.

*debit* himself with that portion of the proceeds paid to a creditor whose claim had already been secured by deed of trust on the land sold.

. In such case the creditor is not compelled to look to his deed of trust alone, but may satisfy his debt out of the general assets in the hands of the administrator.

#### ON MOTION FOR REHEARING.

The payment of the debt out of the general fund, by the administrator, did not extinguish the encumbrance upon the land. But on payment so made, the estate of the deceased became entitled to the amount thus paid, and the same may be recovered out of the lands in the hands of the purchaser at the administrator's sale, by an administrator *de bonis non,* for the benefit of the estate.

### *Appeal from Osage Circuit Court.*

*Lay & Belch,* for appellants.

To pay debts the court shall order all the right, title and interest of the estate, etc., to be sold at public sale. (Wagn. Stat. 94, § 8.) This the court did. The sale was that of the equity of redemption, and its proceeds would not be applied to the purchase of the legal title.

*Ewing & Smith,* with *P. B. McCord,* for respondent.

The administrator sold the whole estate, legal and equitable. There were no assets belonging to said estate with which to redeem. (Wagn. Stat. 94, §§ 8–9.)

BLISS, Judge, delivered the opinion of the court.

Jesse Welton, deceased, was administrator of the estate of Lewis Welton, deceased. One Townley held a claim against the estate for over $5,000, which was presented and allowed and assigned to the fifth class. This demand had been secured by a deed of trust upon real estate of decedent, but that fact was not shown when it was presented. Afterwards the administrator obtained an order for the sale of the real estate for the payment of debts. This debt, among others, was named in the petition. No allusion was made to the deed of trust. The land was appraised and sold precisely as though no such deed existed. It seems to have brought a full price, being six-sevenths of the appraised value, and the proceeds were applied to the payment of

the debts, including the one so secured upon the land. All the debts were paid, and on final settlement by Jacob Hull, on behalf of the administrator, who had died, the heirs of Lewis Welton appeared and objected to the credit of $6,044.17, being the amount paid upon said secured debt, and claimed that only the interest of the estate in the land was sold, subject to this debt; that the creditor should look to the land, and not the estate; and that the administrator had no right to pay the claim out of the general assets.

The administrator did not attempt to follow the provisions of sections 6 and 8, chapter 122, Gen. Stat. 1865 (Wagn. Stat. 94), but sold the land as required by section 10. The application was not to sell the interest of the estate subject to the trust deed, but the land itself, or rather the interest of decedent as owner in fee, and there were no special orders of the court in regard to its redemption or sale subject to the debt.

It is unnecessary to indicate the whole duty of the administrator in the premises, but it is clear that he acted in good faith; that it was his duty to pay all claims properly presented and allowed; that the purchase-money of the land was applied to their payment; and now, to make his representatives pay to the heirs of his intestate the amount of this large debt so paid off by him would be grossly unjust.

The creditor pursued the estate generally, as he had a right to do. There is no special statutory provision applicable to this state of facts. Had the debt been paid previous to the sale, the whole would have passed; and we need not now say whether its payment, after an apparent sale of the whole estate, would discharge the lien. At the time of the sale the lien existed, and it may still exist, in favor of the creditors; but I do not feel at liberty, without further investigation, to say more upon this point. It is sufficient that the administrator could not compel the creditor to look alone to the land, and that he had a right to pay his claim. It is for paying this debt that it is now sought to charge him, and not for neglect of duty in any other particular; and I think the judgment of the Circuit Court, which affirmed the action of the Probate Court, should be affirmed. The other judges concur.

*Lay & Belch*, on motion for a rehearing.

I. The decision is in conflict with an express statute. The statute provides that where lands of deceased are encumbered by deed of trust, etc., "if such redemption would injure the estate or creditors, or there would not be assets to redeem such estate after payment of debts, the court shall order all the right, title and interest of the estate to such property to be sold at public sale." (Wagn. Stat. 94, § 8.)

No other interest can be sold, yet the court decides that the administrator sold the legal as well as the equitable title.

II. This decision is in conflict with the decision in the cases of Delassus v. Poston, 19 Mo., on pages 430–32; also the case of McNair *et al.* v. O'Fallon, 3 Mo. 188, opinion on page 202; and the case of Lumly v. Robinson, 26 Mo. 364, which are cited by plaintiff.

III. The court clearly misapprehended the facts, and the opinion is based upon the fact that the sale was not made under sections 6 and 8 of article III, Wagn. Stat. 94, when the record shows that the administrator, by order of the court, was directed to sell only the right, title and interest of the deceased in and to the land. The question is, does the money arising from the sale of an equitable legal title go to the estate of the deceased, or to the person holding the legal title? This question the court does not decide.

ADAMS, Judge, delivered the opinion of the court on motion for rehearing.

Lewis Welton, being indebted to one Townley for over $5,000, executed a deed of trust on his real estate to secure this debt. He afterwards died intestate, and his estate was administered on by Jesse Welton. This debt of Townley's was allowed against the estate and placed in the fifth class of demands.

Afterwards, as there was not sufficient personal property to pay the debts, Jesse Welton, as administrator, procured an order of the Probate Court to sell the real estate for payment of debts, and under this order did sell the real estate and realized enough to pay all the debts of the estate; and the debt secured by the

deed of trust, together with the other debts, were paid off by him out of the proceeds of the sale.

Jesse Welton, the administrator, died before making final settlement, and Jacob Hull, as his administrator, made application for settlement, and among other credits claimed credit for $6,044.17, amount paid in discharge of the debt secured by the deed of trust. To this credit the plaintiffs, as distributees, objected, asserting that Jesse Welton, as administrator, had no right to pay this debt out of the proceeds of the sale of the real estate.

The case was taken to the Circuit Court by appeal, and that court allowed the credit as claimed.

1. I am unable to see the force of the objection urged by the distributees to this credit. The real estate was sold subject to the deed of trust, and the proceeds of sale became assets in the hands of the administrator for payment of the debts according to their classification. This debt was in the fifth class of demands, and the administrator not only had the right, but it was his duty, to pay this debt ratably with the other debts in the fifth class. As Townley's debt was secured by deed of trust, he had two remedies for its collection. He might either proceed against the real estate by foreclosure and sale under his deed of trust, or he might proceed against Welton *in personam* if alive; or, which is the same thing, have the demand allowed against his estate if dead, and collect it out of any of the assets applicable to the payment of debts of its class.

The allowance and classification of this demand did not in any manner affect the security he held on the real estate for its payment. Nor did the administrator's sale for payment of debts destroy this security. It still remained on the lands notwithstanding the sale, and the purchaser at such sale took the lands subject to this encumbrance.

2. The payment of this debt did not extinguish the encumbrance upon the lands, but upon the payment of the debt the estate of Lewis Welton became entitled to the amount so paid, to be made out of the lands in the hands of the purchaser at the administrator's sale. It is not exactly a subrogation of the estate

to the rights of the creditor, but is in the nature of a subrogation, or rather a return to the estate of a security which had been pledged for the payment of a debt.

Where a debt is paid by the debtor, all securities given or pledged for the payment must be returned to the proper owner. So in this case, as the debt for which the deed of trust was given has been paid out of the assets of the estate, the amount may be recovered out of the lands by an administrator *de bonis non* for the benefit of the estate.

The motion for rehearing is overruled. The other judges concur in this conclusion.