WILLIAM A. JACKSON, Plaintiff in Error, v. RICHARD C. MAGRU-
DER AND L. B. MAGRUDER, Defendants in Error.

51 55
97 360
31a 161
32a 276

51 55
103 660

51 55
54a 22

51 55
70a 207

1. *Administration — Equity of redemption — Probate Court, order of touching.*
—Under the administration law, the Probate Court has power, on the appli-
cation of the administrator or a creditor of the estate, to make a general order
for the sale of real estate, embracing equities of redemption and all other
interests in lands.

2. *Administrator — Sale by, under act of 1857 — Newspaper advertisement,
etc.* — The judgment of a County Court approving the report of a sale made
by an administrator, under the statute of 1857, allowing that court to dispense
with an advertisement of the sale in a newspaper (Sess. Acts 1857, p. 26),
raises the presumption that such advertisement was in fact dispensed with.

3. *Mortgage — Sale under during session of County Court — Purchaser at —
Ejectment — Color of title — Defense of.*—A sale on a judgment of foreclo-
sure by the Circuit Court cannot be made during a session of. the County
Court, and, if so made, would be void. But a purchaser at such sale would
nevertheless hold under color of title, and may, in suit in ejectment brought
against him, set up the forfeited mortgage to protect his possession against
all except the mortgagee and those claiming under him on a regular fore-
closure sale.

## Error to Lincoln Circuit Court.

*Dyer, Fagg & McKee*, for plaintiff in error.

*A. H. Buckner*, for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

The following statement made by the defendant in error, and
concurred in by the plaintiff in error, forms the basis of this
opinion, to-wit: " The plaintiff instituted his action of ejectment
against the respondents, claiming to hold the legal title to the
premises in dispute by virtue of a deed from the administrator of
David Bailey, deceased, under whom the respondents also claimed
title. The deed of the administrator of Bailey to plaintiff was
executed on the 12th of May, 1864, and the sale was made at the
February term, 1864, of the Lincoln County Court. It appeared
from the report of sale that the advertisement of sale was made by
printed handbills, and not by publication in a newspaper. The
report of sale was approved by the Probate Court, and a deed
ordered to be made to plaintiff. The defendants relied upon a

mortgage executed by Bailey to the county of Lincoln, for the use of the school fund, executed February 11, 1863, and authorizing the sheriff of the county, without any suit on the mortgage, to sell the real estate mortgaged to satisfy the principal and interest, and to make an absolute conveyance in fee to the purchaser in case of default by the mortgagor ; also an order of the Lincoln County Court directing the sheriff to sell the mortgaged premises ; and also the deed of the sheriff of Lincoln county, dated September 23, 1864, referring to the order of the County Court and conveying the premises to the grantor of defendants. The sale thus made by the sheriff was made during the session of the County Court, and for this reason its introduction was objected to by plaintiff, but the objection was overruled. The defendants, in order to invalidate the title of plaintiff, read the appraisement of the real estate, as well as the petition for and report of the sale thereof, to show that the sale of Bailey's equity was neither petitioned for by the administrator nor appraised, but that the existence of the mortgage upon the real estate was ignored by the administrator, by the appraisers, and by the Probate Court in its order of sale. .

The court decided that the paper title of defendants was a better title than the paper title of the plaintiff, and that plaintiff could not recover.

The defendants asked and the court gave the following declarations of law, against the objection of plaintiff:

" 1. If the plaintiff purchased at the sale of the real estate of David Bailey, deceased, by his administrator, the right and title of said Bailey at the time of his death, in the real estate in controversy ; and if, at the time of said sale, the mortgage to the county of Lincoln was in full force, unsatisfied and not foreclosed, the plaintiff only acquired the equity of redemption of said deceased Bailey in said real estate, and he cannot recover in this action.

" 2. If the county of Lincoln held a mortgage on the real estate in controversy at the time of the sale by Bailey's administrator to the plaintiff, and the application for the sale of the real estate was made without any reference to the mortgage or statement of the interest of deceased in said real estate, but said order

of sale was made under the general powers of the Probate Court to sell real estate for the payment of debts, said sale of said real estate was absolutely null and void, and no title passed to plaintiff.

"3. The mortgage of David Bailey to Lincoln county and the order of the Lincoln County Court in reference thereto, in evidence, gave full and ample authority to the sheriff to sell the real estate in controversy, and if he sold the same to one Gordon for a *bona fide* consideration at a public and fair sale before the court-house door, and executed a deed to the purchaser thereof, said deed is sufficient to convey all the title thereto, notwithstanding said sale was made during a term of the County Court of Lincoln county.

"4. If the sale by the administrator of Bailey to the plaintiff was not advertised for four weeks in some newspaper published in this State, but by only ten handbills, then said sale was not according to law in such cases provided, and no title passed to the plaintiff by his purchase at such sale.

"5. The equity of redemption of David Bailey in the land in controversy could not be sold except by a special order of the County Court to that effect, and if the sale to the plaintiff was under a general order of the Probate Court to sell the same for the payment of the debts of deceased, the sale thereof is null and void."

The plaintiff asked no instructions, and the court gave judgment for defendants, and the plaintiff brings the case to this court by writ of error, after filing his motion for a new trial and the overruling of the same by the court.

From this statement it appears that both parties claim title under David Bailey, the plaintiff by virtue of an administrator's sale made under an order of the County Court for payment of debts, and the defendants under a mortgage made by Bailey to the county of Lincoln to secure a loan of school funds.

The court decided that the administrator's sale was void on two grounds: first, that it was a sale of an equity of redemption which could only be made by a special order for that purpose; and, secondly, that the sale was not advertised in a newspaper. In my judgment the court erred on both points. Under our administra-

tion law as it stood when this sale was made, and as it still exists, the County Court had the power to order lands to be sold for the purpose of redeeming mortgages on other lands, or the court might make a special order to sell the equity of redemption of the mortgaged premises. But the court also had the power, on the application of the administrator or a creditor of the estate, to make a general order for the sale of the real estate for the payment of debts, embracing equities of redemption and all other interests in lands.

The fact that some of the lands may be covered by mortgages does not exempt them from the order, and forms no impediment to the sale, whether the sale be ordered under one provision or another of the statute. The subsequent proceedings by the administrator in having them appraised, advertised, etc., are precisely the same. There is no force in the objection that an equity of redemption cannot be appraised. The appraisement would be the value of the land after deducting the mortgage. When land is covered by a mortgage of record, whether the appraisement be right or not, the purchaser only takes the equity of redemption, as that is the only interest subject to sale. If the mortgage debt has been allowed and classed it will be entitled to its share of the general assets, and if it should thus be paid off, the interest in the land covered by the mortgage will revert to the estate. (See. opinion on motion for rehearing in Welton v. Hall, 50 Mo. 296.)

The judgment of the County Court, approving the report of sale, cured the defect, if any, in the advertisement. That was a final judgment from which an appeal might have been taken, and it could not be impeached in a collateral proceeding like this. But the statute of 1857 (Sess. Acts 1857, p. 26) allowed the County Court to dispense with the newspaper or handbill advertisements, and the presumption is, from the approval of the sale, that this was done.

The law in regard to foreclosing mortgages given for school moneys requires an order of sale to be made by the County Court, and such order has the same force and must be carried out by the sheriff in like manner as a *fieri facias* on a judgment of foreclosure by the Circuit Court. (R. C. 1855, p. 1425, § 30.) A

sale on a judgment of foreclosure by the Circuit Court cannot be made during the session of a County Court, and if so made it would be void.

But if it be conceded that the sale and deed of the sheriff for the mortgaged premises was void, such proceeding nevertheless constituted color of title, under which the defendant claims the possession of the land in controversy; he cannot, therefore, be looked upon as a mere stranger to the mortgage, or a trespasser in the sense that he cannot set up the forfeited mortgage to protect his possession.

A plaintiff in ejectment can recover only on the strength of his legal title. His chain of title must be perfect to authorize a recovery. The defendant in possession occupies a different position. In most instances he may protect himself by an outstanding title. If, however, he is a mere stranger to a mortgagee, or a trespasser without color of title, he ought not to be allowed to set up a forfeited mortgage to prevent a recovery by the mortgagor or the person holding the equity of redemption. (See Woods v. Hildebrand, 46 Mo. 284.) That was not the position of this defendant. He went into possession, it is true, under a void sale, but claiming the land under this color of title, and under the circumstances he must be allowed to protect his possession against all others except the mortgagee and those claiming under him, on a regular foreclosure sale. (McCormick v. Fitzsimmons, 39 Mo. 34; Johnson v. Huston, 47 Mo. 227; Howard v. Thornton, 50 Mo. 291.)

Under the view we take of this case, although errors were committed by the Circuit Court, its judgment was for the right party.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.