————————O————————

JAMES M. RUSSELL, Plaintiff in Error, *vs.* ABNER WHITELY, Defendant in Error.

1. *Practice, Supreme Court—Objection to testimony, without specifying grounds, etc.*—The competency of evidence, to which only a general objection was made in the court below, without any assignment of grounds of objection, will not be considered by the Supreme Court.

2. *Ejectment—Equitable defense—Pleading as to.*—Defendant in an ejectment suit cannot avail himself of an equitable defense not pleaded.

3. *Mortgage—Land sold under—Void deed to purchaser—Possession of—Payment of mortgage debt—Defense in equity, when.*—Where land is sold under a mortgage, and the mortgage debt is paid with the proceeds, and the purchaser takes possession, although deed to the purchaser is void, yet he and those holding under him are entitled in equity to the rights of the original mortgagee, and such title is a good equitable defense to suit in ejectment by one holding under the mortgagor.

4. *Mortgage more than twenty years old not an outstanding title, when.*—A mortgage more than twenty years old, without proof of possession taken under it, and without proof that the debt existed at the institution of the action, is not such a title as will defeat a suit in ejectment,

### Error to Platte Circuit Court.

*John Doniphan,* for Plaintiff in Error.

I. The court erred in refusing to permit the plaintiff to prove that the debt secured by the mortgage from Russell to Smith had been paid. The defendant in order to set up an equitable title as outstanding by a mortgage, has brought in a mortgage more than twenty years old, and without accounting for the absence of the note upon which it was founded.

Plaintiff will certainly be permitted to show the payment of this debt.

*Milton Campbell,* for Defendant in Error.

I. In the above case there was nothing for the jury to pass on. The validity of the deeds and legal proceedings, and their aggregate effect on plaintiff's claim were exclusively for the court.

II. A mortgage is a good outstanding title. (Howard vs. Thornton, 50 Mo., 291 ; Callaway vs. Fash, 50 Mo., 420.)

III. Defendant being in priority with mortgage by deeds from possessors under sale to satisfy the mortgage, can defend by the mortgage. (McCormick vs. Fitzsimmons, 39 Mo., 34 ; Johnson v. Houston, 47 Mo., 227; Howard v. Thornton, 50 Mo., 291 ; Jackson vs. Magruder, 51 Mo., 55.)

Hough, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiff, as one of the heirs of James Russell, deceased, for the recovery of the south half of the north west quarter of section thirty-two, township fifty-three, range thirty-five, of which said Russell died seized, subject to a mortgage made by him in May, 1851, to one John Smith, to secure his note to said Smith, for one hundred and five dollars of even date with the mortgage, and payable three months after said date.

The petition was in the usual form, and the answer was a general denial only. The defense relied upon at the trial, was, that there was an outstanding title in the mortgagee, Smith, and defendant sought to connect himself with this mortgage by the introduction in evidence of a proceeding in the Probate Court of Platte county, instituted by Smith in 1852, for the sale of the land described in the mortgage, which seems to have been regarded at the time, and was treated on the trial in the Circuit Court, as a foreclosure of the mortgage.

It appears from said proceeding that an order was made directing the administrator to sell the land in controversy for

the payment of Smith's debt, and at the sale, which was made by one Nimrod Farley, as the agent of Andrew Russell, the administrator, one Amanda Russell became the purchaser, and in March, 1853, the purchase money having been paid, a deed was made to her by said Farley, in the name of Andrew Russell. In December, 1854, Amanda Russell conveyed to John Venneman, and he in August, 1859, conveyed the land in controversy and other land to his four children, as tenants in common, one of whom conveyed to the defendant, Whitely, his undivided interest thus acquired; and in 1868, in a proceeding in partition, under a special act in the Probate Court, to which he and his co-tenants were parties, the land was sold by the sheriff, and Whitely became the purchaser.

The execution by Russell of the mortgage to Smith was proved, and the mortgage read in evidence. The plaintiff then offered to prove that at the time of the sale Andrew Russell, the administrator, was in the State of California; and that prior to the sale he had paid to Smith the amount of the debt and interest secured by the mortgage, which testimony was by the court excluded, and the plaintiff excepted.

All the instructions asked by the plaintiff were refused, and they were not entirely unobjectionable; but it will only be necessary to notice the one given at the instance of the defendant, which is as follows: "The defendant moves the court to instruct the jury, that Abner Whitely, having purchased the real estate in controversy from the sheriff of Platte county, in a suit for partition among the grantees of John Venneman, taking a deed therefor, and having entered into possession thereunder, and John Venneman having purchased and taken a deed for said land from Amanda Russell, and entered into possession thereunder, and Amanda Russell having purchased and held said land under an order of sale made by the Probate Court of Platte county in a suit by John Smith against Andrew Russell, administrator of James Russell, to foreclose a mortgage, executed by James Russell to said John Smith, on the 2d day of May, 1851, which sale is

void; yet, notwithstanding said administrator's deed did not pass the legal title of James Russell or his heirs to said Amanda Russell, the jury will find for the defendant." To the giving of which instruction the plaintiff excepted.

The jury returned a verdict for the defendant, and judgment was rendered accordingly. Plaintiff filed a motion for a new trial, which was overruled, and he now brings the case here by writ of error. The plaintiff objected to all the testimony introduced by the defendant without, as far as the record shows, assigning any reasons, and now here, for the first time, specifies his grounds of objection.

Under the statute and the decisions of this court we cannot review any matter which was not directly passed upon by the court below. It is admitted that the sale made by Farley, as the agent of the administrator, and the deed made by him, were insufficient to pass the title to Mrs. Russell; but it is claimed that the mortgage debt was paid with the proceeds of that sale, and that this fact, together with the possession taken under said sale, and the mesne conveyances to the defendant, entitled him in equity to the rights of the original mortgagee, and constituted a good equitable defense to the plaintiff's action. This equitable defense was not pleaded by the defendant, and he could not avail himself of it at the trial. (Kennedy & Jackson vs. Daniels, 20 Mo., 104.) For this reason, and because it assumed the existence of facts not even in evidence. and usurped the province of the jury, this instruction should have been refused.

The mortgage, however, though over twenty years old, having been admitted to bar the recovery of the plaintiff, without any evidence as to possession under it, or the existence of the debt secured by it, (18 Mo., 530) it was clearly competent for him to change the presumption in such cases into an established fact, by showing that the debt secured by it had been paid by the administrator, and that it was not a subsisting title at the time of the institution of this action by plaintiff. (Norcum vs. D'Œuch, 17 Mo., 98.)

The judgment is reversed and the cause remanded; the other judges concur.