Greenwell v. Heritage.

GREENWELL, *Administrator, Plaintiff in Error,* v. HERITAGE.

**Administration**: MORTGAGE: EQUITY. ·If an administrator sells land subject to·a mortgage, and afterward pays off the mortgage out of the general assets of the estate, he will have a clear equity against the purchaser for reimbursement out of the land. (*Welton v. Hull,* 50 Mo 296.)

*Error to Perry Circuit Court.*

REVERSED.

*J. C. Killian* for plaintiff in error.

*Johnson, Horner & Hilmes* for defendant in error.

HENRY, J.—Christian Swink was the owner of several tracts of land described in the petition, and on the 13th of June, 1868, executed a deed, which was duly recorded, conveying the said lands in trust to secure a promissory note for $675 held by Henry Huber against him. Swink died leaving the note unpaid, and in March 1875 the debt, then amounting to $875.05, was allowed and placed in the fifth class of demands against the estate of Swink. At the March term, 1875, of the common pleas court of Perry county, under an order of the probate court, the administrator sold all the right, title and interest of the deceased in and to the said lands, and defendant became the purchaser, received a deed for the lands and still owns them. After his purchase the administrator paid the Huber debt out of the general assets of the estate, and by this suit seeks to charge the land with the amount so paid. To the petition, stating substantially the above facts, the circuit court sustained a demurrer, and the cause is here on writ of error.

The demurrer should have been overruled. The· defendant, the petition alleges, purchased the equity of redemption. The debt was still a lien upon the property, and the estate of Swink paid a debt for which the property

purchased by the defendant was bound, and subject to which it was sold. Huber, without resorting to the estate, might have made his debt out of the land; but he had his option to proceed against the land, or the estate of Swink, and the exercise of that option by proceeding against the estate should not have the effect to invest defendant with a better title to, or a greater interest in, the land than he acquired by his purchase. If Huber had procured a sale of the land under the deed of trust, for payment of his note, the defendant would have had no claim in law, or in equity against Swink's estate; or if defendant, in order to save his land, had paid the debt, he would still have had all he purchased at the sale. The estate paid a debt for which the land was bound, and subject to which it was sold by the administrator, and whether we denominate the equity of the estate to reimbursement out of the land as a right of substitution, or subrogation, or there be no name, whatever, by which it can be otherwise characterized, it is a clear equity which will be recognized and enforced. In the case of *Welton v. Hull*, 50 Mo. 296, this doctrine was clearly announced. Judgment reversed and cause remanded. All concur.