WELLS, *Administrator, Plaintiff in Error*, v. LINCOLN COUNTY.

Mortgage: FORECLOSURE: PURCHASER AT IRREGULAR SALE. A foreclosure sale, under a mortgage, which sale is irregular because made during a term of the county court instead of the circuit court, as required by law, does not operate to assign the mortgage debt itself to the purchaser at the sale, so that he can both hold the land and collect the residue due from the mortgageor on the debt.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Norton, Martin & Dryden* for appellants.

The foreclosure sale having been made during the term of the county court, and not during that of the circuit court, was an irregular one. R. S. 1855, p. 1425, § 30; *Ib.*, p. 1090, § 13; *Ib.*, p. 746, § 45. The sale being irregular, did not work a foreclosure of Bailey's equity of redemption, but operated as an equitable assignment of the mortgage, and transferred to Gordon all the county's rights. *Robinson v. Ryan*, 25 N. Y. 325; *Brobst v. Brock*, 10 Wall. 533; Walker's Ch. Reps. 494; 7 Cow. 13; *Honaker v. Shough*, 55 Mo. 475; Jones on Mort., §§ 1678, 1679; *Grapengether v. Fejervary*, 9 Iowa 163; *Anson v. Anson*, 20 Iowa 56; *Johnson v. Harmon*, 19 Iowa 56; *Douglass v. Bishop*, 27 Iowa 216; *Bank v. Abbott*, 20 Wis. 570; *Stark v. Brown*, 12 Wis. 584; *Olmstead v. Elder*, 2 Sandf. (N. Y.) 325; *Mabley v. Nave*, 67 Mo. 550. The question of the statute of limitations affects only the amounts collected by the county on the bonds prior to August 31st, 1873, as the suit was filed within five years of that time. The statute did not apply to the amounts collected before that time, because, when collected, it became a trust fund, and besides, it could not begin to run until Magruder had notice that the county was collecting the money.

*G. T. Dunn* for respondent.

The mortgage debt was not assigned to Magruder by the payment of only a portion of it; there must be a payment of the debt to effect such a result. *Mabley v. Nave*, 67 Mo. 550. Plaintiff is estopped to recover by reason of his laches. *Stevenson v. Saline Co.*, 65 Mo. 425; *Wells v. Perry*, 62 Mo. 576.

PHILIPS, C.—This action was begun in 1878 in the circuit court of Lincoln county. It was tried on the following agreed statement of facts:.

" It is agreed by and between plaintiff and defendant that the following is a correct statement of the facts in this case, except as hereinafter stated, which said plaintiff and defendant agree to submit to Hon. W. W. Edwards, circuit judge of Lincoln county, as a special finding for his determination and judgment. 1st, It is agreed that on the 11th day of February, 1863, David Bailey executed to the county of Lincoln three several notes or bonds, one for the sum of $204.56, one for $958.32 and one for the sum of $614.45, each conditioned to bear ten per cent compound interest from date until paid. That for the purpose of securing said indebtedness the said David Bailey on the same day made, executed, acknowledged and delivered to said county of Lincoln a mortgage on certain lands therein described, amounting to 680 55-100 acres. That by the terms of said mortgage the sheriff of Lincoln county, on default being made in the payment of said debt, was authorized to sell said mortgaged premises upon being ordered so to do by the county court of Lincoln county. That the law in regard to said foreclosure required an order of sale to be made by the county court of Lincoln county—which order was to have the same force and be carried out by the sheriff in like manner as *fieri facias* on a judgment of foreclosure in the circuit court. (See R. C. 1855, page 1425, § 30, to which reference is made.) That there was a default made in the payment of the debt so secured by said mortgage; that the county court made an order and caused the same to be entered of record reciting the facts and directing the sheriff of Lincoln county to seize, levy on and sell the said real estate in said mortgage described, to satisfy the said mortgage debt and the costs thereof. That the sheriff of Lincoln county having been served with a copy of said order, duly certified, did by virtue of said order and the power and authority in him vested by said mortgage deed, levy on said property and advertise the same for sale, and on the 23rd day of September, 1864, at a regular term of the *county court*, did expose the same for sale

to the highest and best bidder for cash; that the same was stricken off and sold to John B. Gordon for the sum of $200. That a deed was executed to him therefor and that said sale was approved by the county court. That the money received at said sale was paid into the county treasury and appropriated by the county court to the part payment of said notes, leaving a large amount still unpaid thereon. That afterward the said John B. Gordon transferred and assigned to Joseph P. Wilkinson all right, title and interest which he acquired by reason of said sale and purchase, who in turn sold and assigned the same to Henry Papin and that Henry Papin sold and assigned the same to Lloyd B. Magruder on April 21st, 1865. That said county of Lincoln has since said sale on the 23rd day of September, 1864, collected on said bonds and mortgage and appropriated to her own use various sums of money, the amount of said collections and the date thereof it is agreed are to be proved by the plaintiff. It is also agreed that the said bonds and mortgage were duly presented for allowance to the probate court of Lincoln county and were duly allowed and classified against the estate of David Bailey, deceased. That before the bringing of this suit the said Magruder departed this life and that Jeptha Wells was duly and legally appointed his administrator. Plaintiff contends that by reason of the facts herein, that said Magruder became the owner of said bonds and mortgage. Defendant denies that by reason of the facts set forth that plaintiff became the owner of said bonds and mortgage and contends also as further matter of defense that plaintiff had full knowledge that defendant was collecting said various sums of money on said bonds and mortgage and stood by and made no claim thereto, and that by reason thereof plaintiff is estopped from recovering in this suit and also pleads the statute of limitations as to all sums collected more than five years prior to the commencement of this suit, the defendant being required to introduce evidence to maintain said defenses of limitation and estoppel. If from the facts herein agreed to and the

evidence introduced by plaintiff and defendant the court should find the issues as set forth by plaintiff for him, then it is agreed that judgment shall be entered for plaintiff for all sums collected with interest, except such as are barred by limitations, or unless the plaintiff is estopped by reason of his acts as set forth by defendant's attorney, or unless the title to said bonds and mortgage failed to pass by said sale. But if the court shall find the issues set forth by defendant then judgment shall be entered for defendant."

The parties at the trial further agreed that the collections subsequently made by the county on the unpaid balance of said debt from Bailey, were as follows: In 1864, $97.47; in 1865, $632.20; in 1866, $1,107.02; in 1867, $83.72; in 1868, $217.65; in 1869, $176.64, in 1870, $176.46; in 1871, $176.46; in 1873, $1,000.27. This suit is to recover from the county these sums of money.

The circuit court found the issues for the defendant. The plaintiff, by writ of error, carried the case to the St. Louis court of appeals, where the judgment of the circuit court was affirmed. From this judgment the plaintiff has brought the case, on error, to this court.

I. The statute, section 13, page 1090, Revised Statutes 1855, under which the foreclosure sale in question was made, provided that such sales should be made as under ordinary executions. This plainly required that the sale should be made during the term of the circuit court, whereas this sale was made during the session of the county court. This undoubtedly was such an irregularity as to prevent a transfer of the legal title of the mortgageor in the land, and left open to him the right of redemption on payment of the purchase money.

The contention of the plaintiff is, that while the sale did not work a foreclosure of Bailey's equity of redemption, it operated as an equitable assignment both of the mortgage and the entire mortgage debt as well. So that no one was entitled of right to collect the residue of the debt unpaid by the attempted foreclosure sale, except the

purchaser, his assigns and legal representatives; and, therefore, when the county received the further payments from Bailey, it held the same to the use and benefit of the party succeeding by the mesne conveyances to the rights of Gordon, the purchaser at the sale.

The court of appeals, in its opinion, delivered by Lewis, J., held that the mortgagee, when he sells the mortgaged premises, under the forms of law, and receives the purchase money, undertakes to convey to the purchaser the legal title, held by him, freed from the right of redemption by the mortgageor, yet if by reason of irregularity in the sale this title does not pass, while it may be effectual as against the mortgagee, the equity of redemption still remains to the mortgageor. And when the mortgageor redeems he does not pay the purchase money to the original mortgagee, but to the purchaser at the foreclosure sale, who has succeeded to the mortgagee's dominion. It is by this means that, in equity, the purchaser becomes the assignee of the mortgage debt, and not otherwise. But it does not follow that because the sale turns out to be irregular, especially while the purchaser is undisturbed in his possession, that he can both hold the land and claim the balance of the unpaid debt. If so, the condition of the purchaser, who should fail to acquire the legal title, would be better than that of him who should get a complete title. For there could be no pretense that, if a purchaser under a foreclosure should obtain the title of the mortgageor, so that the equity of redemption was gone, he would acquire any sort of claim to the mortgage debt unsatisfied. All he would acquire by his purchase would be the right, title and interest of the mortgageor in and to the land vested in him at the time of the execution of the mortgage. But under the logic of plaintiff's proposition, if the mortgage debt was $5,000, consisting of the school moneys, held in trust by the county, and the real estate security was of the value only of $1,000, in the event the sale was irregularly conducted, the purchaser without surrendering even the land, might enjoy it and re-

cover the remaining $4,000 from the mortgageor. The practical working of such a principle of law demonstrates the absurdity of plaintiff's contention. The review of the authorities made by the learned judge, in the opinion above referred to, is a most complete answer to the misapplication of the texts cited by plaintiff's counsel in support of his position. They need not be restated here.

We will notice one referred to by counsel, on which he lays much stress. It is that of *Robinson v. Ryan*, 25 N. Y., 320, in which the proposition is asserted that the purchaser at a mortgage sale under an attempted statutory foreclosure, void as against the mortgageor for want of notice, stands as an assignee of the whole mortgage debt. This decision was brought to the attention of this court in the case of *Watson v. Hawkins*, 60 Mo. 550, 554. SHERWOOD, J., encountered, in the course of the opinion, the same proposition, in principle, asserted by plaintiff here. He said: "Judging from the authorities cited, it might be assumed that the idea prevailed that Massie having acquired all the right, title, interest and estate of plaintiffs in the lands, he thereby became the assignee of the deed of trust and of the debt it was designed to secure. And the case of *Robinson v. Ryan*, 25 N. Y., seems to give countenance to this view so far as mortgages are concerned; but has no reference to deeds of trust. Besides, these decisions are based on a special statute of the state of New York relating to the assignment of mortgages. But it has never been held for law in this State, that the transfer of the mortgaged premises would, *per se*, carry with it the right to the debt."

The case of *Honaker v. Shough*, 55 Mo. 472, cited by plaintiff as affirming the doctrine in *Robinson v. Ryan*, *supra*, must be understood in reference to the facts of that case. It appears clearly that the foreclosure sale there fully satisfied the mortgage debt. Hence, it is that Judge Adams said: "If the money raised by this sale was paid to the county, as we must presume it was, it extinguished the debt

due to the county, or, more properly speaking, it transferred the right of the county to the defendant. He thereby, in equity, became entitled to the mortgage debt."

As the purchaser had paid the entire debt, he became entitled to be subrogated to the place of the mortgagee, by equitable assignment, and to hold the premises against the mortgageor until he should redeem by paying to him the money paid in satisfaction of the debt which was a charge on the land. This is the principle repeatedly announced by his court. *Valle v. Fleming,* 29 Mo. 152; *Jackson v. Magruder,* 51 Mo. 55; *Jones v. Mack,* 53 Mo. 147; *Russell v. Whitely,* 59 Mo. 196; *Wilcoxon v. Osborn,* 77 Mo. 621.

In the case at bar the plaintiff, so far as shown by the agreed statement, holds all he thought he was buying. His possession has not been disturbed. The equitable title has, doubtless, by lapse of time, ripened into a perfect legal title. The purchaser obtained over 600 acres of land for the inconsiderable sum of $200. His assignee now seeks to take out of the treasury of Lincoln county the balance of the money rightfully coming to it in trust for the school fund, without ever having paid this money to the county or any person. Equity, while subrogating a party to the rights of a mortgagee, will not aid him in despoiling the mortgagee of that which honestly belongs to the latter.

The judgment of the courts below are affirmed. All concur.