### BUFORD & HENDERSON v. SMITH.

If a creditor, whose debt is secured by mortgage, proceeds under the act concerning mortgages, and the whole of the mortgage premises are sold in satisfaction of part of the debt, he cannot, afterwards, proceed against the same lands in the hands of a purchaser, in order to obtain payment of a part of the same debt, thereafter becoming due.

Appeal from St. Louis Court of Common Pleas.

PRIMM & TAYLOR for Appellants.

BATES for Appellee.

Buford & Henderson v. Smith.

*Opinion of the Court, delivered by Scott, Judge.*

Smith filed his petition in the court of common pleas for St. Louis county, under the statute concerning mortgages, alleging, that Buford had made to him a mortgage on certain lands, situate in St. Louis county, to secure the payment of two promissory notes, executed by Buford to Smith, for the sum of $1,250 each, one payable one year and the other two years after date; that the last of the said notes had become due; and prayed that judgment might be rendered for said debt; that the equity of redemption might be foreclosed, and the mortgage property sold to satisfy the amount due.

Henderson & Buford, the defendants below, pleaded in bar, that heretofore, in the same court Smith, under the statute concerning mortgages, had filed his petition for a fore-closure of the equity of redemption of the lands in the mortgage in the plaintiff's petition mentioned, for the purpose of paying the first of the two notes described by the plaintiff in his petition. That a judgment for the said debt, was rendered against the said Smith, and an order made for the sale of the said lands, to satisfy the said debt; that, in pursuance of said order, an execution issued and the said lands sold by virtue thereof, to Geo. Henderson, the defendant, for the sum of $1,351, who received a deed from the sheriff for the said lands, upon payment of the said purchase money. To this plea, a demurrer was filed. *The demurrer was sustained, and a judgment rendered for the plaintiff, from which the defendants appealed to this court.*

If a creditor, whose debt is secured by mortgage, proceeds under the act concerning mortgages, and the whole of the mortgage premises are sold in satisfaction of part of the debt, he cannot, afterwards, proceed against the

We can find nothing in the statute concerning mortgages, which, would warrant the opinion, that if a creditor, whose debt is secured by a mortgage, will proceed under its provisions, and sell the whole mortgaged premises in satisfaction of a part of the debt, that he can afterwards, proceed against the same lands, in the hands of a purchaser, in order to obtain payment for a portion of the same debt, thereafter becoming due. With equal propriety, if the first sale did not yield enough to pay the debt for which it was made, the creditor might take the lands away from the purchaser, and

sell them to a second purchaser, and so *toties quoties*, until the debt was satisfied.

If the party will at one time sell all the mortgaged premises, and they do not bring enough to pay his debt, this should satisfy him that his security is insufficient, and not that he can sell the land a second time. It does not seem that the judgment in this cause meets with any support from the principles governing courts of equity, in decreeing a foreclosure of the equity of redemption of mortgage premises.

In England the practice is by bill in chancery, to obtain a foreclosure of the equity of redemption, whereby the lands become the absolute property of the mortgagee. There, if the equity of redemption of mortgaged premises is foreclosed, and they are not sufficient to satisfy the debt, and an action at law is brought to recover the deficiency, this, it has been held, will open the foreclosure and let in the equity of redemption, if the mortgagee has not in the mean time disposed of the land, for it would be inequitable that the right of redemption should be revived against a purchaser. 4 Kent's Com. 183. So it has been held that if a party whose debt is secured by mortgage, will proceed at law on his bond, and sell the land under execution, the purchaser will hold the same free from the lien of the mortgage. 1 Peron 44. So likewise it has been holden, that if the mortgaged premises are sold to satisfy the debt secured by them, and the morgagee becomes the purchaser, and afterwards brings an action for a balance of the debt remaining unpaid, the mortgagor will not, even against the mortgagee, much less against the third person, who had become a purchaser, be entitled to the foreclosure opened, and the equity of redemption revived. Lansing v. Gorlet, 9 Cowens, 346.

Judgment reversed,