———o———

ALBERT JONES, Appellant, *vs.* GODFREY MACK, Respondent.

1. *Mortgages—Legal title—Forfeiture—Possession by mortgagee.*—A mortgage conveys the legal title, and after forfeiture the mortgagee, or those holding under him by foreclosure or color of title, may enter into possession, and hold it against the mortgagor. [Jackson vs. Magruder, 51 Mo., 55, affirmed.]
2. *Mortgages—Mortgage, assignee of—Possession—Redemption—Ejectment.*—A purchaser at a mortgagee's sale, who has paid the money, is substituted to the rights of the mortgagee ; and in case the foreclosure is not legally conclusive, he cannot be dispossessed by the mortgagor by action of ejectment, but the mortgagor can redeem the property.

PER SHERWOOD, JUDGE, dissenting—VORIES, JUDGE, concurring.

1. *Mortgages—School funds—Court, county—Order of sale—Sheriff, sale by—Ejectment.*—A sale of lands, mortgaged for school funds loaned, made by the sheriff without the proper order from the County Court, is a complete nullity, and such title is no *legal* defense to the purchaser against an action of of ejectment by the mortgagor.
2. *Mortgages—Satisfaction—Law, Equity.*—Though a mortgage may be satisfied at law, yet equity will treat it as satisfied or not, in accordance with what it deems will best subserve and promote the equities of the case.

*Appeal from Johnson Court of Common Pleas.*

*Phillips & Vest, and Crittenden & Cockrell,* for Appellant.

I. The sale by the sheriff in the case at law, no order being issued to him by the County Court, was *coram non judice,* and the deed made by him to defendant passed no title.

*a.* When statutory powers are conferred on an inferior tribunal of limited and statutory powers, and a mode of execut-

.ing such powers is prescribed, the mode prescribed must be strictly pursued, or the acts of such tribunal are *coram non judice,* and void. (English vs. Smock, 34 Ind., 115 ; 7 Amer. Rep., 215 ; Adam vs. Tiernan, 5 Dana., 394 ; Frees vs. Ford, (3 Seld.,) 6 N. Y. 176 ; Peacock vs. Bell, 1 Sand., 74, *b.*)

*b.* In the case of a mere power, unless where aided by statute, there is no foundation for its exercise but in its terms. If there is a departure from these, the act must of course fall to the ground for want of authority. (Norcum vs. D'Oench, 17 Mo., 117.)

*c.* The sheriff's deed, in case of sale under the statute in question, is like that of a sheriff under execution, or a trustee, or executor, having a mere naked power of sale under certain circumstances, and "must recite the power, and show on its face, that the contingency has happened, which would authorize the sale." (Swartz vs. Page, 13 Mo., 611 ; Bruce vs. Duke, 2 Lit., 245 ; Sug. Power, 282, 232.)

*White & Baldwin,* for Respondent.

I. Granting that the want of an order by the court to the sheriff to sell, would leave the equity of redemption in Jones unforeclosed and existing ; the sheriff having the power to convey the legal title to the premises—by his deed gave to the purchaser the legal title—and the mortgagor cannot maintain ejectment against him. (Pease vs. Pilot Knob Iron Co., 49 Mo., 124.)

II. The deed of the sheriff to the purchaser, made under the power in the mortgage, even if violating the terms of the trust, vests in the mortgagor the legal title, and the purchaser cannot maintain this action. (Am. Law. Reg., 2 N. S., 725, 726, § 31, and authorities there cited; Taylor vs. King, 6 Munf., 358 ; Harris vs. Harris, *Id.*, 367 ; Gibson vs. Jones, 5 Leigh, 370 ; 13 Gratt., 601 ; 2 Patton & Heath, 240 ; 8 Leigh, 371 ; Reese vs. Allen, 5 Gill., 236 ; 12 Wheat., 570 ; Bank of U. S. vs. Benning, 5 Cranch, C. C., 81 ; Beatie vs. Butler, 21 Mo., 313 ; 4 G. Green, 468 ; Am. Law Reg., 2 N. S., 731, § 38.)

III. An attempted sale under a power to sell, by which no title passes, will yet amount to an assignment of that part of the mortgage debt for which the premises were bid off, and the payment of the purchase money gives the purchaser such an interest in the outstanding title of the mortgagee, as will defeat ejectment by the mortgagor. (Am. Law Reg., 2 N. S., 724, § 30; Walker's Ch. 494; 1 Clark Eq. Cas., 109; 29 Mo., 152; 12 Mo., 603; 46 Mo., 384.)

ADAMS, Judge, delivered the opinion of the court.

This was an ejectment for a quarter section of land in Johnson county.

The plaintiff showed a clear paper title.

The defendant set up a sheriff's sale and deed under a mortgage, which had been given by the plaintiff to the county of Johnson to secure a debt due for school funds. The mortgage was in the form prescribed by the 22nd section of the 2nd article of the act entitled, "an act to provide for the organization, support and government of common schools in the State of Missouri, approved Dec., 12, 1855," which provides, that "every mortgage, taken under the provisions of this act, shall be in the ordinary form of a conveyance in fee, shall recite the bond, and shall contain a condition, that if default shall be made in the payment of the principal or interest, or any part thereof, at the times when they shall severally become due and payable according to the tenor and effect of the bond recited, the sheriff of the county may, without any suit on the mortgage, proceed and sell the mortgaged premises, or any part thereof, to satisfy the principal and interest, and to make an absolute conveyance thereof in fee to the purchaser; which shall be effectual to all intents and purposes as if such sale and coneyance were made by virtue of a judgment of a court of competent jurisdiction foreclosing the mortgage." (See Rev. Stat. 1855, p. 1224.)

On the 21st day of May, 1865, the County Court of Johnson county made the following order, which was relied on as authorizing the sheriff to proceed and sell the land.

" Johnson county
vs.　　　} Mortgage order of sale.
Albert Jones

Ordered by the court, that the County Attorney proceed and close the mortgage in the above entitled cause by selling the whole, or so much of the real estate therein mentioned as will be sufficient to pay the demands of said plaintiff."

The sheriff afterwards sold the land, and made the deed under which the defendant claims, and the mortgage was entered satisfied by virtue of the sale.

This is in substance the defendant's case as made by the evidence.

The court decided, that this evidence was sufficient to defeat the plaintiff's right of recovery, and made formal declarations of law to that effect, and the plaintiff took a non-suit with leave to move to set the same aside, and did file a motion to set aside the non-suit, which was overruled, and exceptions duly saved.

The school law vests in the County Courts the care and management of the school funds of the respective townships within their jurisdiction. (2nd Rev. Stat. 1855, § 15, p. 1422.) The County Courts have the whole control of these funds, and have the care and custody of the bonds and mortgages given to secure loans. The sheriff has no control. whatever, over the school funds, and has no power to act on his own motion in the foreclosure of mortgages. He can only act in obedience to the orders of the County Court. Section 30 of the 2nd article of the act above referred to (2nd Rev. Laws, 1855, p. 1422,) provides that, " whenever the principal and interest or any part thereof, secured by a mortgage containing a power to sell, shall become due and payable, the County Court may make an order to the sheriff, reciting the debt and interest to be recovered, and commanding him to levy the same with costs of the mortgaged premises, which shall be described as in the mortgage ; and a copy of such order duly certified, being delivered to the sheriff, shall have the effect of a *fieri facias* on a judgment of foreclosure by the Circuit Court, and shall be proceeded on accordingly."

This section provides the only summary method of foreclosing mortgages by the County Court. The order of sale must substantially comply with its provisions, otherwise the proceeding would be irregular, and a sale under it would not amount to a foreclosure.

It is very manifest that the order of sale, under which the sheriff acted in this case, did not comply with the statute, and was no authority for foreclosing the mortgage. Still the sale was made, and the debt of the county due from the plaintiff for the school funds was satisfied by the money of the defendant.

Under this purchase the defendant took possession of the land, and he certainly has the right, under these circumstances, to protect his possession by setting up this mortgage. A mortgage conveys the legal title, and after forfeiture the mortgagee, or those holding under him by foreclosure or color of title, may enter into the possession and hold it against the mortgagor. (Jackson vs. Magruder, 51 Mo., 55.)

Although the sale by the sheriff did not amount to a foreclosure, yet as it resulted in the payment of the school debt due from the plaintiff, the defendant by his purchase became substituted to the rights of the county as mortgagee. The plaintiff as mortgagor may still redeem the land. But he can not maintain ejectment against the defendant, who is thus in possession as assignee of the mortgage.

Under any view that we can take, the judgment was for the right party.

Judgment affirmed. Judges Wagner and Napton concur in the result. Judges Vories and Sherwood dissent.

SHERWOOD, Judge, delivered the dissenting opinion.

In so much of the foregoing opinion, as holds that the sheriff had "no authority to foreclose the mortgage," I concur.

But as to the residue of that opinion, and the conclusions therein arrived at, I must dissent, and for these reasons :

An ordinary mortgage conveys to the mortgagee the legal estate, which the latter may also transfer. And if the mort-

gage contains a power of sale, and the mortgagee, upon condition broken, attempts an execution of that power, but fails to comply with the conditions upon which a valid exercise of that power depends; yet his conveyance, in so far as passing the bare legal title is concerned, (though burdened as before with the equity of redemption,) will be effectual. And his assignee, the possessor, at all events, of the legal title, is in a position to defend that title in an action at law.

Not so with the sale and conveyance made by the sheriff in the case under consideration; as he had neither the legal title in the mortgaged premises (that being by the terms of the mortgage vested in the county); nor the power of sale, as the requisite order of sale had not been made by the County Court, "and a copy of such order duly certified" was not delivered to him. It follows then, that this attempted sale and conveyance was a complete nullity; and therefore unlike, in its incidents and results, a defective sale and conveyance when made by an ordinary mortgagee.

This I regard as an important and solid distinction between the two cases, and one which seems to have escaped the attention of the majority of my associates.

The money, however, of the defendant having discharged the mortgage debt, he was clearly entitled to be subrogated to the rights of the county upon making the proper application for such equitable relief.

But most certainly the defendant did not by the mere fact of "his purchase become substituted to the rights of the county as mortgagee."

The mortgage being satisfied, as a matter of course it ceased to constitute an outstanding title and therefore was worth less as a defense at law, no matter by whom, nor under what circumstances, such satisfaction was made.

But a court of chancery will treat a mortgage as satisfied, or not satisfied, in accordance with what it deems will best subserve and promote the equities of the case.

The defendant having in his answer relied on a purely legal defense, he clearly should not have been permitted at the

trial to avail himself of one merely equitable. (Kennedy vs. Daniels, 20 Mo., 104.)

For these reasons I think the judgment ought to be reversed, and in this opinion Judge Vories concurs.