———o———

AUGUSTUS C. HONAKER, *et al.*, Defendants in Error, *vs.* DAVID SHOUGH, Plaintiff in Error.

1. *Mortgage to county—Irregular foreclosure—Sale—Title of purchaser as against mortgagor.*—Where the order of a county court foreclosing a mortgage given to the county to secure a school debt, did not truly recite the debt so as sufficiently to identify the mortgage, *held*, that sale thereunder did not transfer any legal title, but the purchaser became in equity entitled to the mortgaged debt, and might use the forfeited mortgage to protect him in the possession of the premises against the mortgagor and his heirs. In such case the latter may redeem; and until then the purchaser must account for the rents and profits, which however, may go to the satisfaction of the mortgage debt. (See Jones vs. Mack, 53 Mo., 147.)

*Error to Buchanan Circuit Court.*

*A. H. Vories*, for Plaintiff in Error.

I. This was a proceeding brought under section 34 of the Dower Act (Wagn. Stat., 544).

II. The sale transferred to defendant the interest of Holt county in the mortgage, and he being in possession of the land as mortgagee, had the right to so remain until said debt was paid and the land redeemed by Honaker's heirs—he being substituted to the rights of Holt county and an assignee of said mortgage. (See Walcop vs. McKinney, 10 Mo., 229; Winslow vs. McCall, 32 Barb., 241; 1 Hill. Mort., 537, § 3, ch. 18, "Assignment of a Mortgage;" McCormick vs. Fitzmorris, 39 Mo., 34; Woods vs. Hilderbrand, 46 Mo., 284;

Johnson vs. Houston, 47 Mo., 227; Jackson vs. Magruder, 51 Mo., 55.)

*B. R. Vineyard,* for Defendants in Error.

I. The plaintiff in a suit like this cannot, as in ejectment, be defeated by showing an outstanding mortgage given by the owner through whom plaintiff claims. The section under which this action was brought (§ 34, Wagn. Stat., 544), only requires that the plaintiffs be heirs, or have an interest in the real estate from which dower is sought to be set apart.

II. The mortgage does not prescribe the manner in which the sheriff should sell the real estate; or the place where it should be sold; nor the terms of sale; nor the length of notice required to be given; nor whether it should be a printed or written notice; nor whether the sale should be a private or a public one.

III. A sheriff's sale of lands mortgaged under the school law is void, when the sale is made during the session of the county court. (Dollarhide vs. McClurg, 51 Mo., 347.)

IV. Not a single one of the recitals required by the statute to be made, can be found in the deed of the sheriff, except the bare allegation that the County Court had made an order for him to sell. (See Buchanan vs. Tracy, 45 Mo., 442; Lackey vs. Lubke, 36 Mo., 121; Turner vs. Stine, 18 Mo., 580; State Bank vs. Bray, 37 Mo., 194.)

V. The sheriff's sale was an absolute nullity, plaintiff not being a legal or even equitable assignee of the mortgage.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs, as heirs at law of one Henry Honaker, who died in 1863, commenced this proceeding under the Dower Act, in the Holt Circuit Court, which was transferred to Buchanan Circuit Court by change of venue. The petition charges, that the ancestors of the plaintiff's died seized in fee of the S. 1-2 of N. W. 1-4 of Sec. 9, and N. 1-2 of S. W. 1-4, of Sec. 9, in Township 61, of Range 37, in Holt county which embraced the Mansion House of the deceased; that

deceased left a widow named Mary J. Honaker, who being entitled to dower and possession of the mansion, &c., till the same was admeasured, and sold and conveyed her rights in the premises to the defendant who holds possession thereof under such purchase.  The petition further alleges, that the plaintiffs as heirs at law are entitled to the said lands, subject to the widow's dower, and asks that such dower be admeasured and set off to the defendant as assignee of the widow.

The defendant by answer denied the plaintiffs' rights as heirs at law, by charging, that the deceased in his life-time had conveyed away all his interest in said lands, and that defendant owns the same.

The facts showed, that the plaintiffs were the heirs at law of the deceased, and that the deceased was the owner of the lands at the time of his death, subject to a mortgage which he had executed to the county of Holt, to secure a school debt. This mortgage covered the S. 1-2 of the N. W. 1-4 of Sec. 9, the other twenty acres not being included in the mortgage. The mortgage contained the statutory provisions, authorizing a sale by the sheriff, &c., to pay the debt and interest.

The county court of Holt county made an order to foreclose the mortgage by ordering the sheriff to sell the lands for that purpose.  But this order misdescribed the land given to secure the debt.  The sheriff, nevertheless, some two years afterwards, proceeded to sell the mortgaged premises, and the defendant bought the same at sheriff's sale and took the sheriff's deed therefor.  This deed does not show, that the land was sold at a session of the Circuit Court, but recites that the sale was made pursuant to an order of the County Court.  The court excluded the deed as any defense or as proper evidence, and found the issues for the plaintiffs, and appointed commissioners to admeasure the dower.  The commissioners set off to the defendant, as and for the widow's dower in the premises, the south-west quarter of the north-west quarter of said section 9, and the court entered final judgment confirming this report and ordering possession of the remainder of the lands to be surrendered to the plaintiffs as

heirs at law of the deceased. The defendant saved exceptions to the several rulings of the court during the progress of the trial, and by motion for a new trial, &c.

The only material point raised by the record, is the action of the court in excluding the mortgage to the County of Holt and the sheriff's deed to the defendant, under the foreclosure sale. The order of the County Court to foreclose the mortgage did not truly recite the debt, so as to sufficiently identify the mortgage. But the sheriff proceeded as though the order was sufficient and sold the mortgaged premises to the defendant. If the money raised by this sale was paid to the county, as we must presume it was, it extinguished the debt due to the county, or more properly speaking, it transferred the rights of the county to the defendant. He thereby became in equity entitled to the mortgaged debt.

If the proceedings to foreclose the mortgage had been regularly made under a proper order, the legal title would have passed to the defendant. As this was not the case, he could only use the forfeited mortgages to protect him in the possession of the mortgaged premises. As he ought to be substituted to the rights of the county by virtue of the payment of its debt, he does not occupy the relation of a stranger to the mortgage, who has no right to set up a forfeited mortgage to prevent a recovery of the possession by the mortgagor or his heirs. This doctrine was maintained by this court in Jackson vs. Magruder, (51 Mo., 55,) and afterwards re-asserted in Jones vs. Mack, (53 Mo., 147,) and it may now be considered as the settled law of this State. The court therefore, erred in excluding the mortgage and proceedings of foreclosure.

The defendant is entitled, not only to hold possession of the dower estate as admeasured, but also the balance of the south half of the N. W. quarter of Sec. 9, which was covered by the mortgage.

Of course the heirs at any time may redeem the mortgaged premises, and until so redeemed, the defendant must account for the rents and profits, to go toward satisfaction of the mortgage debt. The possession of the remainder of the land not

Karle v. K. C., St. Jo. and Council B. R. R. Co.

covered by the mortgage or dower, or admeasured, was properly ordered to be delivered to the plaintiffs, and the judgment of the court below must be modified accordingly.

The judgment will therefore be reversed and the cause remanded, with directions to modify the judgment as herein directed.

Reversed and remanded; Judge Vories not sitting. The other judges concur, except Judge Sherwood dissenting.