GREENE COUNTY BANK v. CHAPMAN, *Appellant.*

### Division Two, June 2, 1896.

1. **Land, Sale of**: NOTES: DEED OF TRUST: POWER OF SALE.   Where
   land was sold for $8,000, and two notes for $4,000 each, payable in
   two and three years respectively, secured by deed of trust, were
   given the grantor for the purchase price, and she indorsed the two-
   year note and received the money thereon, she thereby made such
   note her own and accepted it for all intents and purposes, and the
   indorsee had the right, when the note became due, to have the prop-
   erty sold and the proceeds applied to the payment of his note, such
   being the terms of the deed of trust, although the other note was not
   then due, and the sale passed the title to the purchaser.

2. **Mortgage**: POWER OF SALE.   The sale of mortgaged premises upon
   default in payment of a portion of the debt exhausts the power of
   sale, and the property can not again be sold upon the nonpayment of
   installments subsequently accruing.

*Appeal from Greene Circuit Court.*—HON. JAMES. T.
NEVILLE, Judge.

AFFIRMED.

*W. C. Price* and *Robt. G. Campbell* for appellant.

(1) The paper referred to in the pleadings and evidence in this case as "the two year note" relied on by respondent, not having been accepted by respondent, though recited in the deed of trust, had no legal existence as evidence of indebtedness. Chitty on Contracts [9 Am. Ed.], page 8, sec. 9, and notes 1 and 2; *Robinson v. Estes*, 53 Mo. App. 587; *Green v. Cole*, 103 Mo. 70; *Taylor v. Von Schraeder*, 107 Mo. 206. The only legal effect of appellant's indorsement being a receipt for the $4,000 cash payment, contracted for between appellant and Cox, as Cox being payor could not become payee, debtor to himself, which would have been the situation of the parties had she indorsed it to Cox; and of this the officers and servants of the bank claiming to have purchased it of Cox, being privy to Cox, must take notice of their peril. *Patterson v. Booth*, 103 Mo. 402; *Turner v. Hoyle*, 95 Mo. 337; *Taaffe v. Kelley*, 110 Mo. 127; *Loring v. Groomer*, 110 Mo. 632; *Orrick v. Durham*, 79 Mo. 174. (2) There being but one valid note contracted and provided for in the deed of trust, the note due in three years from the date of said transaction of sale and purchase, there was no authority in the trustee to sell the lots in question, on the third day of December, 1892, and the sale and deed to the Commercial Bank being so obtained under which respondent claims through intermediate conveyances, were void and of no effect. *Long v. Long*, 79 Mo. 644; 2 Jones on Mortgages [3 Ed.], sec. 1831. (3) But were it otherwise, and the so-called two year note valid, and sold by appellant to the Commercial Bank, yet the lien of respondent as vendor of the premises in controversy had not been extinguished, and her lien for the unpaid balance of said purchase money still existed,

and respondent's claim can not be maintained for that reason until the purchase money is fully paid; the deed to Cox and trust deed to vendor being filed for record at the same time. *Morris v. Pate*, 31 Mo. 251; *Rogers v. Tucker*, 94 Mo. 346; *Turk v. Turk*, 68 Mo. 18.

*Heffernan & Buckley* for respondents.

When several notes are secured by the same mortgage, they take priority in order in which they fall due. The sale under the first note deprives the trustee from any power to sell under again. *Wood v. Hicks*, 36 Mo. 327; *Thompson v. Field*, 38 Mo. 320; *Gilham v. Kerone*, 45 Mo. 487; *Matthews v. Switzler*, 56 Mo. 301; *Noell v. Gaines*, 68 Mo. 649; *Webber v. Leighton*, 8 Mo. App. 508; *Detwiler v. Breckenkamp*, 83 Mo. 45; *Hospes v. Almstedt*, 83 Mo. 473; *Brownlee v. Arnold*, 60 Mo. 79; *Christy v. Scott*, 31 Mo. 336; *Collins v. Stocking*, 98 Mo. 290. We insist that the defendant's answer states no facts constituting a defense to plaintiff's cause of action.

BURGESS, J.—Ejectment for a number of city lots in W. B. Farmer's addition to the city of Springfield, Greene county, Missouri. From a judgment in favor of plaintiff for the possession of the lots defendant appealed.

The petition is in the usual form. The answer denies all allegations in the petition, then sets up what seems to be considered an equitable defense.

The facts as stated by defendant are as follows: "On February 3, 1890, defendant was the owner in fee simple, in possession, of the several lots in controversy; and one Charles E. Cox, a dealer in real estate, being desirous to buy them on speculation, agreed with the owner, Mrs. Sarah R. Chapman, to pay her for them $8,000, one half cash, and the remainder of the

agreed price, $4,000, in three years, at eight per cent interest, said postponed payment to be secured to her by the note of said Cox, and deed of trust, for said lots; at the same time agreeing to prepare, or have the necessary papers prepared for the sale and conveyance.

"On the next day, the fourth of February, said Cox brought to defendant a deed to be executed by her to him for said lots, and two notes for $4,000 each, one at three years, as agreed between the parties the day before, and one at two years, and also a deed of trust to her for said lots as such security, reciting in said deed of trust both notes, to which defendant objected, saying: 'My contract is for half cash, and I will not accept the two year note;' to which Cox replied: 'Well, sign your name on the back of this, (presenting to her the two year note) and I will pay you the cash.' Defendant then signed her name on the paper, the so-called two year note, and Cox drew his check on the Commercial Bank (from which plaintiff claims through intermediate deeds) for $4,000, which was paid by said bank to defendant.

"At maturity of said proposed two year note, the trustee, George S. Catlin, at the instance of said bank, sold or pretended to sell said lots to satisfy said two year note, said bank bidding them in for $1,030, taking said Catlin's deed therefor, being the title on which plaintiff relies in this suit."

Upon this statement, which is in accord with the agreed statement of facts submitted by the parties, is the judgment for the right party?

It is first contended by defendant that the note held by plaintiff, not having been accepted by defendant, had no legal existence as evidence of indebtedness.

There is no force in this position. When she indorsed her name on the back of the note, which was payable to her to the end and with the understanding

that she would by so doing receive the first payment of $4,000 in cash on the purchase price for the lots, which she did receive, she made the note her own, and in the eye of the law accepted it for all intents and purposes, and the note having been received by plaintiffs in this condition, it had the right, under the provisions of the deed, when it became due, and default was made in its payment, to have the property sold, and the proceeds arising from a sale of the property applied toward its payment, although the other note secured by the same deed of trust was not then due.

It is expressly provided by the deed of trust (as appears from the allegations in defendant's answer, as well also as from the agreed statement of facts) given by Cox to the use of defendant to secure the payment of the two notes, that, in default in the payment of either one of them when it became due, according to its terms, the trustee in the deed of trust might advertise and sell the property, and apply the proceeds to the payment of the note, for the payment of which the property was to be sold.

The sale of the lots in question was made in compliance with the terms and stipulations of the parties as set forth in the deed of trust, and passed the title to the purchaser at the trustee's sale, and plaintiff having acquired the title thus acquired by mesne conveyances from said purchaser, is entitled to the possession of the land sued for as against the defendant. It has been said: "If the entire mortgaged premises are sold upon default in payment of a portion of the debt, the power is thereby exhausted, and the property can not be sold again upon nonpayment of installments subsequently accruing." 26 Am. and Eng. Encyclopedia of Law, 896; *Buford v. Smith*, 7 Mo. 489; *Miles v. Skinner*, 42 Mich. 181. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.