MOSES A. SCHLOSS, Respondent, v. FILLIPO DATTILO, et al., Apellants.

Kansas City Court of Appeals, November 5, 1917.

1. **PETITION IN EQUITY:** Remedy: Objection: Record Proper. Where a petition upon its face discloses that the remedy can be completely had at law, no cause of action is stated and the objection may be taken on the record proper, without a bill of exceptions.

2. **MORTGAGE:** Foreclosure: Remedy: Equity. The remedy to foreclose a mortgage by bill in equity is not abolished in such cases as present questions belonging to equity. But in instances where there is merely a strict foreclosure without complications, the remedy is at law and not in equity.

Appeal from Buchanan Circuit Court.—*Hon. William H. Utz.* Judge.

AFFIRMED.

*Thomson & Griswold* and *James C. Growney* for appellants.

*B. M. Achtenberg, Spencer & Landis* and *Guy C. Barr* for respondent.

ELLISON, P. J.—Plaintiff's action is stated in a bill in equity seeking to foreclose a chattel mortgage and to declare it a superior lien to one held by defendant Dugdale and to adjust the account between plaintiff and defendant Dattilo. The judgment was for plaintiff.

The case is before us on the record proper only, the point being made that the petition does not state a cause of action in equity. The substance of the petition is that plaintiff leased to defendant Dattilo, for forty-nine months, certain premises at $33.33 per month. That Dattilo in about two months abandoned the premises and that he (plaintiff) to lessen the damages, rented to others for short periods, stating the amounts received and his expenses in renting. That Dattilo commited certain waste during his occupancy. It is further alleged that prior to the execution of the lease, defendant Dugdale had an unexpired lease on the premises add had certain fixtures therein which he had arranged to sell to Dattilo when the latter should secure a lease from plaintiff, and that in order to induce plaintiff to make a lease to Dattilo, the latter and Dugdale agreed with plaintiff that Dattilo would execute a mortgage on the fixtures which was to be a first mortgage and lien thereon. That in pursuance of this agreement Dattilo executed the mortgage to plaintiff. But that in violation of this agreement and in the perpetration of a fraud, Dugdale immediately had Dattilo to execute to him a mortgage on the fixtures which he promptly had placed of record.

197 M. A.—42

The prayer was for foreclosure of the mortgage, to plaintiff, that it be declared a first lien superior to Dugdale's.

It is true that when a petition in equity shows upon its face that the remedy is at law and not in equity, no cause of action is stated and the objection may be taken on the record without a bill of exceptions. [Benton County v. Morgan, 163 Mo. 661, 678; Somerville v. Hellman, 210 Mo. 567, 574.] Yet though under the statute, one may have his action at law to foreclose, an action in equity is not abolished. [State ex rel. v. Evans, 176 Mo. 310, 315; Mississippi Valley Trust Co. v. McDonald, 146 Mo. 467, 679; Riley v. McCord, 24 Mo. 265; Rubey v. Coal & Mining Co., 21 Mo. App. 159.] We think the meaning of that proposition and of these authorities is that you may still foreclose by bill in equity in *all cases that present questions belonging to equity*. And so it is said that: "If the right asserted is a subject of original equity jurisdiction of the court will entertain it even though there may be a remedy at law." [Hanson v. Neal, 215 Mo. 256, 284.]

So it would seem that since a bill in equity will not lie where there is an adequate remedy at law (Somerville v. Hellman, supra,) a mere ordinary foreclosure with no complications would not be within the jurisdiction of a court of equity. But such is not the character of the present action. Here we have matters which pertain to original equity jurisdiction, viz, an agreement for priority of lien of the mortgage which it is sought to foreclose, and a fraudulent and successful effort in getting another mortgage to appear to be superior to it. The mortgage appearing to be first is sought by this petition to be made second and that necessarily involves the amounts secured by the first, since what is left will go as payment on the second.

The judgment should be affirmed. All concur.